**Angel MARTINEZ, Plaintiff,**

v.

**Dr. WILLIAMS R., Dr. Maw Kyee, Dr. J. Perilli, Medical Director, and John Does, Defendants.**

**No. 01 CIV. 2642(WCC).**

United States District Court, S.D. New York.

Jan. 25, 2002.

---

Angel Martinez, Sing Sing Correctional Facility, Ossining, Plaintiff Pro Se.

Eliot Spitzer, Attorney General of the State of New York, Attorneys for Defendants, New York, John E. Knudsen, Asst. Attorney General, Of Counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

*Pro se* plaintiff Angel Martinez brings the instant action under 42 U.S.C. § 1983 against defendants Dr. Kyee Tint Maw, Dr. John Perilli and Physician Assistant ("P.A.") Philip Williams alleging deliberate indifference to medical needs in violation of the Eighth Amendment. Defendants move to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6), arguing that plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

The following facts are drawn from the Complaint and are presumed true.[1] Plain-

---

1. On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all of the well pleaded facts as true and consider those facts in the light most favorable to the plaintiff. See *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir.1993); *In re AES Corp. Sec. Litig.,* 825 F.Supp. 578, 583 (S.D.N.Y.1993) (Conner, J.).

tiff is incarcerated at Sing Sing Correctional Facility ("Sing Sing"). (Complt. ¶ II.) In or around October and November 1999, plaintiff felt pain in his chest and right arm. (*Id.* ¶ IV.) After notifying a nurse, plaintiff was examined by Williams, who prescribed pain medication. (*Id.*) Plaintiff alleges that Williams failed to conduct a proper medical examination prior to prescribing the medication. (*Id.*) When the pain did not subside, on an unspecified date plaintiff was again examined by Williams, who allegedly did not conduct a proper medical investigation. (*Id.*) On February 7, 2000, plaintiff suffered a heart attack and fell unconscious to the floor. (*Id.*) As a result of the fall, plaintiff suffered two facial fractures and continues to experience pain in his face, head and mouth. (*Id.*) Plaintiff was sent to St. Agnes Hospital in White Plains, New York and subsequently to Westchester County Medical Center, where he underwent two plastic surgical procedures to repair the fractures. (*Id.* ¶ IV–A.) Plaintiff filed the instant action on March 28, 2001 seeking monetary damages.

## DISCUSSION

### I. *Standard of Review*

On a motion to dismiss under Rule 12(b)(6), the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *Hertz Corp.*, 1 F.3d at 125. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir.1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL.,

MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed.1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir.1995). However, pro se complaints "are held to 'less stringent standards than formal pleadings drafted by lawyers,' and are to be construed liberally on a motion to dismiss." *Van Ever v. New York State Dep't of Corr. Servs.*, No. 99 Civ. 12348, 2000 WL 1727713, at *2 (S.D.N.Y. Nov.21, 2000) (citations omitted).

■ In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference, *see* FED. R. CIV. P. 10(c); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir.1996), and documents that are "integral" to plaintiff's claims, even if not explicitly incorporated by reference. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46–48 (2d Cir.1991); *Lee v. State of New York Dep't of Corr. Servs.*, No. 97 Civ. 7112, 1999 WL 673339, at *2 n. 4 (S.D.N.Y. Aug.30, 1999); *see United States Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.-Petrobas*, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar.27, 2001) ("the Court can consider documents referenced in the complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in their suit.").

### II. *Exhaustion Requirement*

■ Defendants argue that plaintiff's claim should be dismissed for failure to exhaust administrative remedies. A prisoner must exhaust all available remedies before bringing an action regarding prison conditions. *See Neal v. Goord*, 267 F.3d 116 (2d Cir.2001); *Wright v. Dee*, 54 F.Supp.2d 199 (S.D.N.Y.1999). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhausting administrative remedies after a complaint is filed will not save a case from dismissal. *See Neal*, 267 F.3d at 122. The Supreme Court recently held that the PLRA exhaustion requirement applies to suits for monetary damages even where monetary damages are not available through the administrative process, as long as the grievance tribunal has authority to take some responsive action. *See Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

The Second Circuit recently clarified the scope of the exhaustion requirement to include claims brought for inadequate medical treatment. In *Neal*, the plaintiff brought a § 1983 claim for indifference to his medical needs after he suffered a lower back injury. 267 F.3d at 118. The plaintiff argued that because he alone suffered the alleged misconduct on isolated occasions, his claim did not relate to "prison conditions" and was therefore not subject to the PLRA exhaustion requirement. *See id.* at 120. In holding that this type of claim for medical indifference did relate to "prison conditions," the court reasoned that:

> [while] [w]e recognize that a lack of adequate medical care certainly is a deprivation an individual prisoner suffers as a condition of his own confinement; yet, even inadequate, untimely or incompetent medical care may simply be indicative of the level of care generally received by the entire prison population. Taken to its logical conclusion, plaintiff's argument would ultimately preclude almost all prisoner complaints from falling under the exhaustion requirement. Since most prisoners file suit regarding an alleged deprivation suffered individually—as opposed to litigating claims on behalf of an entire prison population—

were we to adopt the standard advanced by plaintiff, it would render § 1997e(a) a nullity.

*Id.* at 120–21. Although if we were writing on a clean slate, we might have been inclined toward a different result, the instant factual situation appears factually indistinguishable from that in *Neal* and we feel therefore bound by the Second Circuit's ruling that the exhaustion requirement is applicable in these circumstances.

The procedure for filing an inmate grievance is detailed in N.Y. COMP. CODES R. & REGS. tit. 7, § 701.7 *et seq.*, which provides, in pertinent part, that:

> (a) First step, IGRC. The role of the IGRC is to resolve grievances or make recommendations for the resolution of the grievances filed.

> (1) Filing the complaint. An inmate must submit a complaint to the Grievance Clerk within 14 calender days of an alleged occurrence....

> (i) Content. In addition to the grievant's name, department identification number, housing unit, program assignment, etc., the grievance must contain a concise, specific description of the problem and the action requested....

> \* \* \* \* \* \*

> (4) Hearing. If there is no [informal] resolution, the full IGRC shall hear and take action on the complaint. A hearing, if necessary, must take place within seven working days after receipt of the grievance.

> \* \* \* \* \* \*

> (b) Second step, appeal to superintendent.

> (1) Filing an appeal. Within four working days after receipt of the committee's written response to the grievance, the inmate or any direct party to

the grievance may appeal the IGRC action to the superintendent. . . .

\* \* \* \* \* \*

(c) Third step, appeal to CORC [central office review committee].

(1) Within four working days after receipt of the superintendent's written response, an inmate or any direct party to the grievance may appeal the superintendent's action to the CORC. . . .

Should the prison officials fail to act promptly, § 701.8 states that "[t]ime limit extensions may be requested at any level of review, but such extensions may be granted only with the written consent of the grievant. Absent such extension, matters not decided within the time limits may be appealed to the next step." Furthermore, N.Y. CORRECT. LAW § 139(3) states that "[a] person aggrieved by the decision of a grievance resolution committee may apply to the commissioner [of the DOC] for review of the decision."

In his Complaint, plaintiff concedes that Sing Sing has a prisoner grievance procedure and that he failed to present the facts alleged in the Complaint to the proper grievance committee. (Complt.¶ II.) Plaintiff further explained that his failure to file a grievance was "because since I fall (sic) I've . . . received Medical Attention for the injuries received and Health Problems, and I didn't file[ ] the Grievance because I was awaiting . . . a response of my (sic) Medical need. . . ." (*Id.*) Contrary to his initial account, plaintiff now argues in his opposition brief that he filed a grievance in November 1999 and did not receive a response, and that he filed additional grievances in October and December 2001. (Pl. Mem. Opp. Mot. Dismiss at 2.) Plaintiff contends that this Court should therefore deny defendants' motion and grant plaintiff a 60–day extension to exhaust his administrative remedies. We disagree. Assuming *arguendo* that plaintiff filed a grievance in November 1999, he has never-

theless failed to comply with proper grievance procedures. Plaintiff's argument that he is excused because defendants failed to act with respect to the grievance is unpersuasive. Plaintiff could have and should have appealed the grievance in accordance with grievance procedures. *See* N.Y. COMP. CODES R. & REGS. tit. 7, § 701.8. Plaintiff's argument against dismissal premised on the grievances filed in 2001 is similarly unavailing. Section 1997e(a) mandates exhaustion prior to the commencement of a § 1983 action. *See Neal,* 267 F.3d at 122. Accordingly, defendants' motion to dismiss is granted without prejudice. Of course, if plaintiff hereafter exhausts his remedies, he may then re-file this lawsuit and proceed on the merits of his claim. *See id.* at 123 ("Since [plaintiff's] amended complaint was properly dismissed without prejudice, he may simply re-file his pleadings . . . after fully complying with the exhaustion requirement."); *Graham v. Perez,* 121 F.Supp.2d 317, 322 (S.D.N.Y.2000).

## CONCLUSION

For the reasons stated above, defendants' motion is granted, and the Complaint is hereby dismissed without prejudice.

SO ORDERED.