Jose L. REYES, Plaintiff,

v.

Romeo PUNZAL, M.D., Wende Correctional Facility, Defendant.

No. 01–CV–6350L.

United States District Court, W.D. New York.

June 3, 2002.

Jose L. Reyes, Marcy, NY, pro se.

Kelly Ann McCarthy, Office of New York State Attorney General, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Jose L. Reyes, appearing *pro se*, commenced this action on July 17, 2001, alleging claims pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), originally asserted claims against three defendants, all of whom were alleged to be physicians

employed by DOCS. Those claims all arose out of the medical care provided by defendants to plaintiff, who is HIV-positive and allegedly suffers from AIDS.

By Order entered on September 24, 2001, plaintiff's claims against two of those defendants, Cheng Yin, M.D. and Heidi Fowler, M.D., were dismissed with prejudice. The sole remaining defendant, Romeo Punzal, M.D., has now moved for summary judgment, both on the merits and on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Because I find that plaintiff has failed to exhaust his administrative remedies, his complaint is dismissed without prejudice.

## DISCUSSION

As stated, the PLRA requires that an inmate-plaintiff must exhaust his available administrative remedies before commencing a lawsuit in federal court with respect to prison conditions. In New York State, those remedies consist of a three-step review process. Once a grievance is submitted to the inmate grievance resolution committee ("IGRC"), (1) the grievance is investigated and reviewed by the IGRC, which is comprised of inmates and DOCS employees; (2) if appealed, the superintendent of the facility reviews the IGRC's determination; and (3) if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. Only upon exhaustion of these three levels of review

may a prisoner seek relief pursuant to § 1983 in federal court. *See, e.g., Sulton v. Greiner,* No. 00 Civ. 0727(RWS), 2000 WL 1809284, at *3 (S.D.N.Y. Dec.11, 2000); *Petit v. Bender,* No. 99 Civ. 0969(SHS), 2000 WL 303280, at *2–3 (S.D.N.Y. Mar.22, 2000).

■ Here, the complaint alleges that plaintiff "did follow the grievance Resolution Committie [sic] at the administrated level concerning he's [sic] medical problems." Complaint ¶ IV–B. It also states, "No intents [sic] to results the claimant's medical complaint by the inmates grievance procedures at the administrated level," Complaint ¶ IV–C, but it is unclear what that statement is intended to mean.

Defendant contends that plaintiff has not exhausted his administrative remedies. In support of that assertion, defendant has submitted an affidavit of Thomas G. Eagen, the Director of the DOCS Inmate Grievance Program. He states that he has caused a search to be made of the records regarding plaintiff, and that this search uncovered no record or indication that plaintiff filed with CORC any appeals of any grievances concerning his HIV- or AIDS-related medical care. Docket # 16, ¶ 5.

In response to defendant's answer to the complaint, plaintiff has submitted what he states is a copy of the grievance that he filed with the IGRC. Docket # 21, Ex. A. In it, he complains that he has not received treatment, and states that he "want[s][his] treatment the way that is suppouse [sic] to be and not as they want, leaving [plaintiff] without of [sic] medications."

Plaintiff, however, has failed to show that he ever went beyond the mere filing of a grievance in accordance with the three-step process outlined above. Although plaintiff's response to defendant's assertion that he failed to exhaust adminis-

trative remedies is not altogether clear, plaintiff does not contradict defendant's contention that plaintiff did not pursue all steps of the grievance process. Plaintiff also makes no contention that he did pursue his grievance to CORC. Plaintiff argues in his memorandum of law that he did exhaust administrative remedies, but, for the most part, plaintiff goes on only to discuss general legal principles, which he does not attempt to relate to the facts of this case.

■ I recognize that as a *pro se* litigant, plaintiff is entitled to have his papers given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). I also recognize that in the Second Circuit, failure to comply with the PLRA's exhaustion requirement is viewed as an affirmative defense, *see Jenkins v. Haubert*, 179 F.3d 19, 28–29 (2d Cir.1999), and that accordingly, defendant bears the burden of proving plaintiff's failure to comply with the exhaustion requirement. *See Gonzalez v. Officer in Charge of Barber Shop*, No. 99 Civ. 3455, 2000 WL 274184, at *3 (S.D.N.Y. Mar.13, 2000); *Howard v. Goord*, No. 98 Civ. 7471, 1999 WL 1288679, at *2–3 (E.D.N.Y. Dec.28, 1999). I find, however, that defendant has carried that burden, and that even given a generous construction, plaintiff's statement that he has exhausted his administrative remedies is contradicted by the record.

At most, it appears from plaintiff's statements that he submitted his grievance by placing it in a mailbox at Wende Correctional Facility, but that he received no response, or that no action was ever taken on the grievance, so he took no additional steps to seek administrative review. That is not enough to satisfy the PLRA's exhaustion requirement, however.

Even assuming that plaintiff never received a response to his grievance, he had further administrative avenues of relief open to him. Specifically, 7 N.Y.C.R.R. § 701.7 sets forth certain time limits within which inmate grievances must be dealt with. For example, the regulation states that when an inmate files a grievance, "IGRC representatives shall have up to seven working days to review a grievance and resolve it informally." If no resolution is reached, the full IGRC must hold a hearing "within seven working days after receipt of the grievance." Following the hearing, a "written decision, including the reasons therefore, [sic] must be communicated to the grievant ... within two working days." 7 N.Y.C.R.R. §§ 701.7(a)(3), (a)(4), (a)(4)(v). In addition, § 701.8 provides that "matters not decided within the time limits [prescribed by the regulations] may be appealed to the next step."

■ Thus, even if plaintiff received no response to his grievance, he could have appealed it to the next level. By not doing so, plaintiff failed to exhaust his administrative remedies as required by the PLRA as a prerequisite to filing this lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective' "); *see Waters v. Schneider*, No. 01 CIV. 5217, 2002 WL 727025, *2 (S.D.N.Y. Apr.23, 2002) ("Waters does not allege that he filed any appeals after the IGRC allegedly failed to respond to his grievance. He therefore did not exhaust the available administrative remedies prior to filing this lawsuit"); *Burns v. Moore*, No. 99 Civ. 0966, 2002 WL 91607, *8 (S.D.N.Y. Jan.24, 2002) ("even if Plaintiff received no response to his initial grievance, Plaintiff could have sought the next level of review, in this case, to the prison superintendent. In the absence of any attempt to do so, the Court cannot con-

clude that Plaintiff exhausted his available administrative remedies") (citation omitted). There is no suggestion in the record that plaintiff was somehow prevented from appealing his grievance, and even if plaintiff believed that further attempts to seek relief through administrative channels would prove fruitless, "the alleged ineffectiveness of the administrative remedies that are available does not absolve a prisoner of his obligation to exhaust such remedies when Congress has specifically mandated that he do so." *Giano v. Goord,* 250 F.3d 146, 150–51 (2d Cir.2001).

Prior to enactment of the PLRA, the district court had discretion to waive the exhaustion requirement of § 1997e(a) and decide the case on the merits. *Alexander v. Hawk,* 159 F.3d 1321, 1323 (11th Cir. 1998). However, the 1996 Amendments to the PLRA made exhaustion of administrative remedies mandatory. *See Nussle,* 122 S.Ct. at 992 ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory").[1]

■ Where a plaintiff has failed to exhaust his administrative remedies as required by the PLRA, the court can either dismiss the action without prejudice, or stay the action pending exhaustion. *Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999,* No. 99 CIV. 3455, 2000 WL 274184, *3 (S.D.N.Y. Mar.13, 2000). *See, e.g., Soto v. Elston,* 993 F.Supp. 163, 164 (W.D.N.Y.1998) (dismissing without prejudice for failure to exhaust administrative remedies); *Cruz v. Jordan,* 80 F.Supp.2d 109, 121 (S.D.N.Y.

1999) (staying action pending exhaustion of administrative remedies).

Since it does not appear that plaintiff's grievance is currently under review, or that plaintiff has taken any steps to appeal it, I believe that the better course of action is to dismiss plaintiff's complaint without prejudice to give plaintiff the opportunity to exhaust his administrative remedies. *See Morales v. Mackalm,* 278 F.3d 126, 131 (2d Cir.2002) ("the dismissal of claims for failure to exhaust should be without prejudice"); *Conde v. Young,* No. 3:99CV253, 2000 WL 340748, *2 (D.Conn. Jan.31, 2000) (denying plaintiff's motion to stay action, and dismissing without prejudice, since plaintiff had only recently begun to exhaust his administrative remedies, and he would not be precluded from refiling action after exhausting those remedies).

**CONCLUSION**

Defendant's motion for summary judgment (Docket # 12) is granted, and the complaint is dismissed without prejudice.

IT IS SO ORDERED.

---

1. *Nussle* also makes clear that the PLRA's exhaustion requirement applies in this case. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Nussle,* 122 S.Ct. at 992. "The Second Circuit recently clarified the scope of the exhaustion requirement to include claims brought for inadequate medical treatment." *Martinez v. Dr. Williams R.,* 186 F.Supp.2d 353, 356 (S.D.N.Y.2002) (citing *Neal v. Goord,* 267 F.3d 116 (2d Cir.2001) (prisoner alleging deprivation of medical services in prison was required to exhaust his administrative remedies prior to filing § 1983 action)).