**Adam ABNEY, Plaintiff,**

v.

**The COUNTY OF NASSAU, the Sheriff's Department of Nassau County, and Individually and in their Official Capacity as Nassau County Correction Officers, Correction Officer Sergeant Turner, Correction Officer Chirico, Correction Officer Regnier and John Doe Officers, Defendants.**

No. CV 00–974.

United States District Court, E.D. New York.

Dec. 20, 2002.

Muraca & Kelly, L.L.P. by Dennis Kelly, Esq., Mineola, NY, for Plaintiff.

Snitow, Kanfer Holtzer & Millus, LLP by Paul F. Millus, Esq., New York City, Special Counsel for the Nassau County Defendants.

Nassau County Attorney, Mineola, NY, for Defendant Patrick Regnier.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

This is a civil rights action in which Plaintiff alleges, essentially, that he was physically abused and denied appropriate medical care while imprisoned at the Nassau County Correctional Facility. Named as defendants are the County of Nassau, the Nassau County Sheriff's Department and three corrections officers (collectively "Defendants").

Presently before the court is the motion of the Defendants for summary judgment. Summary judgment is sought on all claims on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"). Summary judgment is also sought with respect to certain particular claims for failure to state a claim. For the reasons set forth below, the motion is granted in part and denied in part.

*BACKGROUND*

I. *Factual Background*

A. *The June 23, 1997 Incident*

Plaintiff's claim arises out of an incident that allegedly took place on June 23, 1997. At the time, Plaintiff was incarcerated in the Nassau County Correctional Facility. According to the allegations of the complaint, Plaintiff was subject to "shameful, vicious, and cruel acts of brutality" by defendants who thereafter conspired to cover up their actions. Plaintiff alleges that during a search of his cell, he was punched, kicked and beaten by corrections officers. While Plaintiff acknowledges that he was taken to the medical unit of the corrections facility, he states that he was denied timely and appropriate medical treatment which resulted in the exacerbation of his physical and mental pain and suffering.

B. *Plaintiff's Attempt to Commence a Grievance*

Documents before the court indicate that Plaintiff attempted to present his claim to prison officials by filing a grievance. On June 26, 1997, Plaintiff sent a handwritten letter to the facility's Grievance Coordinator asking for a formal grievance form. In this letter, Plaintiff states that he asked corrections officers for grievance forms but such forms were not provided. The letter sets forth the details of the June 23, 1997 incident, as described above, and states further that Plaintiff's mail and property were destroyed.

Plaintiff alleges, and Defendants do not deny, that Nassau County never made a formal response (or a response of any kind) to Plaintiff's grievance and no formal grievance investigation or hearing was ever held.

Also before the court is a second complaint form detailing the June 23, 1997 incident. This complaint was submitted to the Nassau County District Attorney's Office (the "DA"). A letter from the DA to Plaintiff, dated December 4, 1997, states that a review of the complaint was completed and, upon consideration, it did not appear to that office that a criminal complaint could be substantiated. Accordingly, the DA's office advised Plaintiff that it was closing its file on the matter.

II. *The Complaint*

Plaintiff commenced this action in February 2000 alleging that he was subject to unreasonable and excessive force in violation of 42 U.S.C. § 1983 ("Section 1983"). He also alleges a conspiracy claim pursuant to 42 U.S.C. § 1985 ("Section 1985"), *Monell* and *respondeat superior* claims against Nassau County, and claims pursuant to 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. § 1986 ("Section 1986").

The Section 1981 claim alleges that Plaintiff was denied access to the courts. The Section 1986 claim alleges that Nassau County failed to protect Plaintiff from the unconstitutional assault.

### III. The Motion for Summary Judgment

Defendants seek dismissal of the entire complaint on the ground that Plaintiff has failed to exhaust his administrative remedies as required by the PLRA. Summary judgment is sought on the Section 1985 conspiracy claim on the ground that Plaintiff alleges neither class-based animus nor facts sufficient to state a conspiracy. Dismissal of the Section 1981 access to the courts claim is sought on the ground that Plaintiff nowhere alleges any prejudice to his litigation interests. Dismissal of the claim pursuant to Section 1986 is sought on the ground that this action was not filed within the one year statute of limitations applicable to such claims.

Plaintiff has conceded to dismissal of his claims pursuant to Sections 1981, 1985 and 1986. He continues to press his excessive force and conspiracy claims pursuant to Section 1983. It is to the viability of those claims, alleged to be barred by the failure to exhaust, that the court now turns.

### DISCUSSION

### I. Standards Applicable to Motions For Summary Judgment

A motion for summary judgement is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. *McLee v. Chrysler Corp.* 109 F.3d 130, 134 (2d Cir.1997). However, when the nonmoving party fails to make a showing on an essential element

of its case with respect to which it bears the burden of proof, summary judgment will be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 242, 106 S.Ct. 2505.

### II. Defendants Have Not Pled Failure to Exhaust In Their Answer

Before the court reaches the exhaustion issue it must consider a pleading matter. The Second Circuit has construed the PLRA exhaustion requirement as an affirmative defense. *See Jenkins v. Haubert,* 179 F.3d 19, 28–29 (2d Cir.1999). As such, it is a matter that is to be pled in the defendant's answer. Fed.R.Civ.P. 8(c). No such defense was pled in this case, and Plaintiff argues that the failure to so plead results in a waiver. *See Mooney v. New York,* 219 F.3d 123, 126 n. 2 (2d Cir.2000); Maritime *Admin. v. Continental Illinois Nat. Bank and Trust Com. of Chicago,* 889 F.2d 1248, 1253 (2d Cir.1989) (failure to plead an affirmative defense results in a waiver of the defense).

Rather than holding that the defense has been waived, this court has the discretion to treat the motion for summary judgment as including a threshold motion to amend Defendants' answer to include the affirmative defense of failure to exhaust. *See, e.g., Boston v. Takos,* 2002 WL 31663510 *3 (S.D.N.Y. October 4, 2002). Such a motion is to be granted freely, "in the absence of undue delay, bad faith, dilatory motive or undue prejudice." *Belgrave v. Pena,* 254 F.3d 384, 387 (2d Cir.2001).

The circumstances here lead the court to conclude that Defendants should be al-

lowed to assert the affirmative defense of failure to exhaust. Although a trial date has been set, consideration of the exhaustion issue requires no further discovery or other pretrial proceedings. Additionally, Defendants cannot be accused of undue delay or dilatory conduct in failing to raise the defense earlier. When this case was commenced, the law in the Second Circuit was that exhaustion was not required in cases alleging individual instances of excessive force. *See Nussle v. Willette*, 224 F.3d 95, 106 (2d Cir.2000). The Supreme Court case reversing the Second Circuit, and holding that exhaustion is required in cases alleging excessive force, was not decided until February of 2002. *See Porter v. Nussle*, 534 U.S. 516, 531, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Thus, the affirmative defense was not available to be asserted in this case until 2002 and Defendants cannot therefore be faulted for failing to earlier raise the defense. *See Porter*, 534 U.S. at 531, 122 S.Ct. 983 (reversing Second Circuit holding that PLRA exhaustion requirement for claims involving "prison conditions" does not include particular incidents of excessive force).

For the foregoing reasons, the court holds that it is appropriate to allow Defendants to assert the exhaustion defense and turns to a consideration of that issue on the merits. *Accord Boston v. Takos*, 2002 WL 31663510 * 3–4 (W.D.N.Y. October 4, 2002) (allowing amendment of answer to assert affirmative defense of failure to exhaust in PLRA case shortly after case law made defense available).

III. *Exhaustion of Administrative Remedies*

A. *The Prison Litigation Reform Act*

The PLRA prohibits inmates from commencing civil rights lawsuits "with re-

spect to prison conditions ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has made clear that the exhaustion requirement applies to all prisoner lawsuits, including those arising out of a single incident alleging the use of excessive force. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). As set forth clearly in the PLRA, the exhaustion requirement is mandatory—dismissal is required for failure to exhaust. *See id.* at 524, 122 S.Ct. 983.

B. *The Nassau County Correctional Facility Inmate Grievance Procedure*

The PLRA requires exhaustion of all "available remedies." 42 U.S.C. § 1997e(a). The administrative remedy alleged by Defendants to have been available to Plaintiff is set forth in the "Inmate Handbook." [1] The first step of the procedure requires inmates to submit their complaint, within six days of the incident forming the basis of the grievance, to the facility's Grievance Coordinator. The Grievance Coordinator then has seven working days in which to reach an informal resolution of the complaint. In the absence of an informal resolution, a hearing is to be held. Exhibit P at 9–10. With respect to this first level of review, the Inmate Handbook provides that a "written decision will be provided to you ... with reasons for the decision." Exhibit P at 10.

Within two days of the receipt of the Grievance Coordinator's written decision, an appeal of the initial grievance decision may be made to the Nassau County Sheriff. Within five working days of the

---

1. A copy of the Inmate Handbook is annexed to Defendants' moving papers as Exhibit P to the declaration of the moving attorney.

Sheriff's receipt of such appeal, a written decision, specifying its grounds, is to be provided to the inmate. Exhibit P at 16. Finally, the Inmate Handbook provides that if the prisoner remains unsatisfied with the resolution of his complaint, the complaint may be stated in writing and mailed to the Citizen's Policy and Complaint Review Council of the New York State Commission of Correction. *Id.*

### C. *The New York State Procedure*

New York State makes available a procedure for handling inmate grievances that mirrors the Nassau County procedure in many ways. Like the Nassau County procedure, the New York State procedure involves an initial attempt at informal resolution, a hearing and appeals. *See* 7 NYCRR § 701.7(a)(1) (providing for submission of complaints); 7 NYCRR § 701.7(a)(4) (providing for a hearing); 7 NYCRR § 701.7(a)(4)(v) (providing for written decisions within two working days of the close of the hearing); 7 NYCRR § 701.7(b)(1) (appeal to superintendent); 7 NYCRR § 701.7(c) (appeal to central office review committee of the New York State Department of Correction).

Unlike the Nassau County Procedure, however, the State procedure allows for an extension of its time limits upon request, but only with the written consent of the grievant. 7 NYCRR § 701.8. Significantly, in the absence of an extension of time, grievances that are not decided within the New York State regulatory time limits, may be appealed to the next step of the review process. *Id.* The Nassau County procedure is silent on the issues of extensions of time limits and the right to appeal

a decision that has not been decided within the regulatory time periods.

### IV. *Plaintiff Has Exhausted All Available Administrative Remedies*

■ Plaintiff timely began the administrative process. While he was unable to obtain the proper complaint form, he promptly transmitted his written complaint to prison officials on plain paper. That, however, is where the administrative procedure began and came to an end. Nassau County prison officials took no action on Plaintiff's complaint. No hearing was ever convened and no decision was ever rendered.[2]

Defendants argue that the County's failure to respond to Plaintiff's complaint allowed Plaintiff to take his complaint to the next level in the review process, *i.e.*, an appeal to the Sheriff. According to Defendants, Plaintiff's failure to pursue his unanswered complaint to the next level renders his claim unexhausted and, therefore, subject to dismissal. Defendants cite several cases in support of this proposition. *See, e.g., Petty v. Goord*, 2002 WL 31458240 *3-5 (S.D.N.Y. November 4, 2002) (inmate failed to exhaust under PLRA where he did not go beyond initial grievance stage); *Kearsey v. Williams*, 2002 WL 1268014 *2 (S.D.N.Y. June 6, 2002) (inmate required to pursue full appeal process even where it is alleged that facility did not investigate complaint); *Reyes v. Punzal*, 206 F.Supp.2d 431, 432–33 (W.D.N.Y.2002) (inmate required to pursue appeal even if he received no response to initial grievance); *Waters v. Schneider*, 2002 WL 727025 *2 (S.D.N.Y. April 23, 2002) (same); *Martinez v.*

---

**2.** Plaintiff's complaint to the DA is irrelevant to the exhaustion issue. *See Mendoza v. Goord*, 2002 WL 31654855 *3 (S.D.N.Y. November 21, 2002) (inmate's complaints within prison bureaucracy has no bearing on wheth-

er administrative remedies were exhausted); *McNair v. Jones*, 2002 WL 31082948 *7 (S.D.N.Y. September 18, 2002) (inmate's complaint to Legal Aid Society irrelevant to exhaustion issue).

*Williams,* 186 F.Supp.2d 353, 357 (S.D.N.Y.2002) (inmate who allegedly received no response to grievance "could have and should have appealed the grievance in accordance with grievance procedures").

The flaw in Defendants' argument, however, is that the cases relied upon were all decided under the New York State administrative procedure—none were decided in the context of the procedure relied upon—the Nassau County Inmate Handbook procedure. The New York State Grievance Procedure, however, unlike the Nassau County Inmate Handbook, contains an express provision stating that matters not decided within the statutory time frame may be appealed to the next level. 7 NYCRR § 710.8 ("Section 710.8").

The cases cited by Defendants, holding that a prisoner receiving no response to his complaint must appeal to the next level, rely specifically on Section 710.8. Thus, those cases hold that exhaustion is complete only if a prisoner receiving no response continues to pursue his appeal through the full administrative process. *See Petty v. Goord,* 2002 WL 31458240 *4 (S.D.N.Y. November 4, 2002) (citing 7 NYCRR § 710.8); *Reyes,* 206 F.Supp.2d at 433 (same); *Waters v. Schneider,* 2002 WL 727025 *2 (S.D.N.Y. April 23, 2002) (same); *Martinez,* 186 F.Supp.2d at 356 (same).

The procedure in effect at the Nassau County Correctional Facility has no provision analogous to the New York State procedure for continuation of the administrative process in the absence of institutional action. Instead, the Inmate Handbook provides only that a written decision and its reasons, will be communicated to the inmate. In the absence of a procedure allowing continuation of the appeal process, a Nassau County inmate cannot be faulted for failing to pursue an unanswered grievance. Nor can he be said to have failed to exhaust his administrative remedies.

Although Defendants' memorandum of law cites to Section 710.8, that section cannot be said to apply where, as here, there is a different inmate grievance procedure in place. This is because the New York State and Nassau County procedures cannot operate in tandem. While the procedures are similar, they contain different time frames. For example, a Nassau County inmate must submit his grievance within seven days of the incident giving rise to the complaint. The New York State procedure, on the other hand, requires submission of complaints within fourteen days of the alleged occurrence. *Compare* Exhibit P at 9–10 *with* 7 N.Y.C.R.R. § 710.7(a)(1). Written decisions after hearings held pursuant to the New York State procedure are to be communicated to the inmate within two days of the conclusion of the hearing. *See* 7 N.Y.C.R.R. § 710.7(a)(v). No such similar time restriction appears in the Nassau County Inmate Handbook. In view of the fact that Nassau County has chosen to fashion its own grievance procedure (which it is free to do) it is disingenuous for Defendants to argue that a single provision of a different procedure should be grafted on to the Nassau County procedure when it suits the County's litigation position.

Because the grievance procedure applicable to Plaintiff's claim constitutes all of his "available remedies," and that procedure nowhere requires or, indeed, provides for, appeal of an unanswered grievance, the court holds that Plaintiff has exhausted all available administrative remedies for purposes of the PLRA. The motion to dismiss for failure to exhaust must therefore be denied.

### CONCLUSION

For the foregoing reasons, the defense motion for summary judgment is granted

only to the extent that claims pursuant to 42 U.S.C. §§ 1981, 1985 and 1986 are dismissed. To the extent that the motion seeks dismissal of the remaining Section 1983 claims for failure to exhaust administrative remedies, the motion is denied. Accordingly, the claims set forth pursuant to Section 1983 will proceed to trial. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.