**Booker TORRENCE, Plaintiff,**

v.

**Edward PESANTI, M.D.,
et al., Defendants.**

**Civ. No. 3:02CV497 (HBF).**

United States District Court,
D. Connecticut.

Jan. 10, 2003.

Howard L. Pierce, Jose M. Rojas, Shipman & Goodwin, Hartford, CT, for Plaintiff.

Terrance M. O'Neill, Hartford, CT, for Defendant.

### ORDER RE DEFENDANTS' MOTION TO DISMISS

FITZSIMMONS, United States Magistrate Judge.

#### I. *Introduction*

Defendants move to dismiss plaintiff's recently bifurcated action on the ground that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). [*See* Def.s' Mem. (doc. # 4) at p. 1.] Plaintiff objects on the ground that the failure to exhaust administrative remedies is an affirmative defense. [*See* Pl.'s Opp. (doc. # 7) at p. 2.] In other words, plaintiff argues that defendants must affirmatively plead the failure to exhaust and then move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, rather than seek dismissal under Rule 12(b)(6).

This motion raises several interesting issues of law about which there is significant disagreement in the federal courts. These include: (1) whether exhaustion of administrative remedies under the PLRA must be pleaded in the complaint, or whether the failure to do so must be pleaded as an affirmative defense; (2) whether, and to what extent, the court may dismiss an action, *sua sponte*, based on a plaintiff's failure to exhaust, and the notice that must be given; and (3) the court's ability to convert a motion to dismiss into a motion for summary judgment under Rule 12(c). The Second Circuit Court of Appeals has issued several decisions which impact these issues. In light of those decisions, and the decisions of district courts in this Circuit, the court converts defendants' motion to dismiss into a motion for summary judgment and orders further briefing and evidence on plaintiff's exhaustion or non-exhaustion of his administrative remedies under the PLRA.

#### II. *Discussion*

**A.** *The failure to exhaust administrative remedies under the PLRA is an affirmative defense in the Second Circuit*

In *Jenkins v. Haubert,* 179 F.3d 19 (2d Cir.1999), the court was concerned with whether, and to what extent, a former prisoner could bring an action pursuant to 42 U.S.C. § 1983 to challenge the validity of disciplinary or administrative sanctions. 179 F.3d at 28 (discussing the standard set forth by the Supreme Court in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). In discussing a defendant's options, the Court of Appeals noted that "[a] plaintiff's inability to meet the *Sandin* standard, properly raised by a defendant on a motion to dismiss pursuant to Rule 12(b)(6), ... is not ... the sole defense that a defendant may raise to a conditions of confinement claim under § 1983." *Jenkins,* 179 F.3d at 28. The court noted that "a defendant in a prisoner § 1983 suit may also assert *as an affirmative defense* the plaintiff's failure to comply with the PLRA's requirements [that plaintiff first exhaust all administrative remedies]." *Id.* at 28–29 (emphasis added). Because it characterized non-exhaustion as an affirmative defense, the *Jenkins* decision suggests that the issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss.

In *Snider v. Melindez,* 199 F.3d 108 (2d Cir.1999), however, the Court of Appeals established what might be characterized as an exception to the rule against dismissing an action based on failure to exhaust under the PLRA. The *Snider* court held that it was within the district court's inherent power to dismiss a prisoner action, *sua*

*sponte,* if the plaintiff's failure to exhaust administrative remedies under the PLRA is "readily apparent," or "unambiguously established in the record," as long as the court affords the plaintiff notice and an opportunity to be heard. *Id.* at 111–14. One of the cases that the *Snider* court found analogous was *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), which held that a district court may dismiss *sua sponte* on statute of limitations grounds.[1] *Snider,* 199 F.3d at 112 (citing *Leonhard* ).

▇ In light of *Jenkins* and *Snider,* most courts interpreting the Second Circuit's position on exhaustion under the PLRA have concluded that, in the Second Circuit, the failure to exhaust administrative remedies under the PLRA is an affirmative defense that defendants must plead, unless the failure to exhaust is readily apparent or unambiguously established from the face of the record.[2] *See, e.g., Reyes v. Punzal,* 206 F.Supp.2d 431, 433 (W.D.N.Y.2002) ("in the Second Circuit, failure to comply with the PLRA's exhaustion requirement is viewed as an affirmative defense . . . and . . . defendant bears the burden of proving plaintiff's failure to comply with the exhaustion requirement") (citations omitted); *Hallett v. New York State Dep't of Correctional Serv.,* 109 F.Supp.2d 190, 196–97 (S.D.N.Y.2000) (same); *Cuoco v. U.S. Bureau of Prisons,* No. 98 CIV. 9009(WHP), 2000 WL 347155, *8 (S.D.N.Y. March 31, 2000) ("Exhaustion of administrative remedies under the PLRA is not jurisdictional, . . . but rather is an affirmative defense"); *Ray v. Kertes,* 285 F.3d 287, (3d Cir.2002) (noting that the "Second, Seventh, Ninth and D.C. Circuits have held that the exhaustion requirement is an affirmative defense, akin to a statute of limitations") (citing, *inter alia, Jenkins,* 179 F.3d at 28–29, and *Snider,* 199 F.3d at 111–12); *Simpson v. Gallant,* No. CIV 02–15–B–S, 2002 WL 1380049, *7 (D.Me. July 17, 2002) (comparing the position of the Second, Seventh, Ninth, and D.C. Circuits, which hold that exhaustion is an affirmative defense, with the position of the Sixth Circuit, which has held that a plaintiff must not only plead exhaustion, but also attach the administrative disposition to the complaint). *But see Coqueran v. Eagen,* No. 98–CV–7185, 2000 WL 96768, *1 n. 1 (E.D.N.Y. Jan.20, 2000) ("the Court 'may, on the motion of a party, dismiss a prisoner's complaint regarding prison conditions because the plaintiff has failed to exhaust his or her administrative remedies . . .' ") (quoting *Howard v. Goord,* No. 98–CV–7471, 1999 WL 1288679, at *2 (E.D.N.Y. Dec.28, 1999)).[3]

---

**1.** The general rule is that the failure to bring suit within the limitations period is an affirmative defense, on which a defendant may seek summary judgment but not dismissal. However, a motion to dismiss is appropriate at least when "the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Leonhard,* 633 F.2d at 609 n. 11. *See also Velez v. City of New London,* 903 F.Supp. 286, 289 (D.Conn.1995) (Dorsey, C.J.) ("Although the statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint") (quoting *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 n. 1 (9th Cir.1987) (in turn quoting *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 119 (9th Cir.1980))).

**2.** Courts have dismissed actions, on defendants' motions, based on the failure to exhaust under the PLRA, without discussing whether dismissal is appropriate. However, the majority of courts that have specifically addressed the issue since *Jenkins* was decided have concluded that failure to exhaust is an affirmative defense.

**3.** Although the *Howard* court did make that statement, it immediately went on to say that "[w]hen a defendant raises a prisoner/plaintiff's failure to comply with the PLRA's ex-

This court agrees that, in the Second Circuit, the failure to exhaust administrative remedies under the PLRA is an affirmative defense analogous to a statute of limitations defense. Thus, the failure to exhaust is not a ground for dismissal unless it is readily apparent from plaintiff's pleadings and/or attachments. If the failure to exhaust is readily apparent, the court should quickly dismiss, *sua sponte,* and without prejudice, so that plaintiff may pursue his or her administrative remedies before any applicable statute of limitations runs.

B. *When the failure to exhaust administrative remedies under the PLRA is suggested, but not unambiguously established, by way of a motion to dismiss, the court can and should convert the motion to dismiss into a motion for summary judgment and order further briefing and/or evidence.*

■■■ In this case, defendants have moved to dismiss plaintiff's action pursuant to Rule 12(b)(6). In doing so, defendants "assert that plaintiff *has failed to exhaust* his administrative remedies" [def.s' mem. at p. 1 (emphasis added) ], and also argue that "plaintiff *does not allege* that he exhausted his administrative remedies" [def.s' mem. at p. 5 (emphasis added) ]. In other words, defendants claim that plaintiff "has failed to allege, *and cannot demonstrate,* that he exhausted his administrative remedies" [def.s' mem. at p. 3]—implying that exhaustion in fact did not occur. [*See also* pl.'s mem. at p. 5 n. 1.]

Defendants do not attach an affidavit or any other evidence demonstrating the absence of exhaustion.

To the extent defendants move to dismiss on the ground that plaintiff has failed to allege exhaustion, defendants' motion is denied.. Although that may be a requirement in the Sixth Circuit, it is not a requirement in the Second Circuit. In the Second Circuit, the failure to exhaust is an affirmative defense that defendants must plead.

Defendants have raised, however, the actual failure to exhaust administrative remedies. More importantly, plaintiff has not denied it. [*See* pl.'s mem. at pp. 1–5.] The important question, therefore, is whether administrative remedies were available, and, if so, whether they were exhausted. It would be a waste of judicial resources to deny defendants' motion to dismiss, only to have defendants file, in the future, a different motion titled, "motion for summary judgment," which makes the same claim and seeks the same relief.

Under Rule 12(c), the court has the authority—once the pleadings are closed—to convert a motion to dismiss into a motion for summary judgment and consider matters outside the pleadings. Fed.R.Civ.P. 12(c). Accordingly, the court will convert defendants' motion into a motion for summary judgment. Defendants shall, within twenty-one (21) days of the docketing of this ruling, file their answer and any affirmative defenses, and submit further briefing and evidence on the issues of whether exhaustion was required for plaintiff's

haustion requirement, the failure is properly assessed as an affirmative defense," 1999 WL 1288679, at *2 (citing *Jenkins,* 179 F.3d. at 28–29), and added in a footnote that "[t]he Court may also dismiss such a complaint on its own motion if the prisoner has failed to exhaust his or her administrative remedies," 1999 WL 1288679, at *2 n. 2 (citing *Snider*).

Thus, despite the *Coqueran* court's reference to the earlier *Howard* quote, most courts cite *Howard* for the proposition that exhaustion is an affirmative defense which generally should *not* be dismissed upon motion of a defendant. *See, e.g., Reyes,* 206 F.Supp.2d at 433; *Hallett,* 109 F.Supp.2d at 196–97; *Cuoco,* 2000 WL 347155, at *8.

claims,[4] and, if so, whether plaintiff exhausted the remedies available. Plaintiff will then have twenty-one (21) days to respond.

The court believes that this process will be most beneficial to incarcerated plaintiffs in the future. The less time spent litigating a matter that will eventually be dismissed for failure to exhaust, the less likely it will be that the plaintiffs' claims will be barred by the statute of limitations once the administrative remedies are pursued. This conversion will not prejudice defendants, or preclude a second motion for summary judgment on the merits, if defendants' current motion for summary judgment is denied.[5]

---

4. For example, does this case involve a denial of treatment, a claim for which exhaustion is required? Or, does it involve a *disagreement* about treatment, which is "non-grievable," and thus has no remedies which may be exhausted? [*See generally* Administrative Directive 9.6(6) (reprinted in def.s' mem. at Ex.2).]

5. This also will promote judicial efficiency, in that the parties will not be required to brief and argue whether there are material issues of fact in dispute regarding the merits of plaintiff's case in order to raise the potentially simpler question of non-exhaustion.