**Sherman Scott BAKER, Plaintiff,**

v.

**Drill Instructor KRIEGER, et al., Defendants.**

**No. 01–CV–6017L.**

United States District Court, W.D. New York.

Sept. 4, 2003.

---

Sherman Scott Baker, Plattsburg, NY, Pro se.

Kelly Ann McCarthy, Office of the New York State Attorney General, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Plaintiff, Sherman Scott Baker, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), filed an amended complaint in which he raised an excessive force claim against defendant Krieger. Plaintiff claims that on November 29, 1998, Krieger struck plaintiff in the back of the head, punched him numerous times in the ribs, and slammed him against the wall causing a two-inch laceration to his head, in violation of his Eighth Amendment rights. Dkt. # 4, page 5.[1]

Defendant Krieger now moves for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies because he did not file any grievances regarding any of the claims contained in the complaint. Dkt. # 10. Defendant Krieger relies on plaintiff's admission in his complaint that he never filed any grievances as well as the declaration of Lynn Roland, the Inmate Grievance Program Supervisor at the Lakeview Correctional Facility. Roland states that she reviewed the grievance records at Lakeview from 1998–2001 and found no record that plaintiff ever filed any grievances regarding any of the matters set forth in the complaint. Dkt. # 13.

---

1. Plaintiff also filed a second claim against defendant Batia claiming Batia used excessive force against him in a separate incident on November 30, 1998. Plaintiff further alleges various conditions-of-confinement claims against Batia related to his alleged denial of access to legal materials, meals, showers and recreation between November 29, 1998 and December 29, 1998. Dkt. # 4, page 6. Summonses were issued for both defendants. However, only defendant Krieger was properly served. Dkt. # 6. An unexecuted return of service as to defendant Batia was filed noting that he could not be identified. Dkt. # 8.

On March 28, 2003, plaintiff filed a motion seeking an extension of time to respond to the defendant's motion. This Court granted plaintiff's request and gave plaintiff until May 19, 2003 to respond. Dkt. # 18. Almost two months after that deadline passed, plaintiff again filed a motion seeking an extension of time to respond (*see* Dkt. # 19), which this Court again granted on July 17, 2003. Dkt. # 20. The Court gave plaintiff until August 18, 2003, to respond. As of this writing, plaintiff has yet to file any responsive papers or move for a further extension of time to do so.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires that inmates exhaust their administrative remedies prior to commencing an action pursuant to 42 U.S.C. § 1983. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In New York, inmates exhaust their administrative remedies only upon completion of a three-step review process pursuant to the DOCS Inmate Grievance Program. *See* 7 N.Y.C.R.R. § 701 *et seq.; Reyes v. Punzal*, 206 F.Supp.2d 431, 432 (W.D.N.Y.2002). That process must include a final appeal to the Central Office Review Committee for a final administrative determination. *See* 7 N.Y.C.R.R. §§ 701.7, 702.4(b)(1). Only upon completion of all three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983. *Santos v. Hauck*, 242 F.Supp.2d 257 (W.D.N.Y.2003).

In his complaint, plaintiff admitted that he did not file any grievances as to any of the claims alleged in the complaint. As an explanation for his failure to do so, plaintiff alleged "because I used the grievance system before; and nothing came any further with my grievance. The only thing is that I.G. came to speak with me, and nothing happened with that." Dkt. # 4, pages 6–7. Because plaintiff failed to respond to the motion, this is the only information the Court has regarding plaintiff's attempts to exhaust his administrative remedies.

■■■ Plaintiff's explanation regarding why he did not pursue his administrative remedies is insufficient as a matter of law to withstand defendant's motion. If a statute mandates exhaustion of administrative remedies, even a futile administrative process must be utilized. *Giano v. Goord*, 250 F.3d 146, 150–51 (2d Cir.2001) (alleged ineffectiveness or futility of pursuing administrative remedies does not excuse inmate from obligation to exhaust his administrative remedies pursuant to the PLRA); *McNair v. Jones*, No. 01 Civ. 3253, 2002 WL 31082948, at *8 (S.D.N.Y. Sept. 18, 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Therefore, whether plaintiff believed that his efforts to use the grievance process would be futile is of no consequence. *See Berry v. New York*, No. 00 Civ. 2834, 2002 WL 31045943, at *7 (S.D.N.Y. June 11, 2002).

Moreover, assuming that plaintiff is alleging that he spoke with an internal grievance representative who failed to take any action, plaintiff had further avenues of relief available to him. Specifically, 7 N.Y.C.R.R. § 701.8 provides that grievances "not decided with the time limits [prescribed by the regulations] may be appealed to the next step." Therefore, even if plaintiff did not receive a response from the I.G. representative, he could have appealed to the next level. By not doing so, he failed to exhaust his administrative

remedies. *See Reyes,* 206 F.Supp.2d at 433–34, and cases cited therein.

## CONCLUSION

For the foregoing reasons, defendant Krieger's motion (Dkt.# 10) is granted, and the complaint against him is dismissed with prejudice. The claims against defendant Batia are also dismissed with prejudice for failure to serve process timely pursuant to Rule 4(m), and because plaintiff failed to exhaust his administrative remedies against Batia.

IT IS SO ORDERED.