**Danny COLON, Plaintiff,**

v.

**Doctor HARVEY, et al., Defendants.**

**No. 02–CV–6407L.**

United States District Court,
W.D. New York.

Nov. 17, 2004.

Danny Colon, Pine City, NY, pro se.

Kelly Ann McCarthy, Office of the New York State Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Danny Colon, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that he was denied medical and dental care by defendants John Alves, M.D. and Burt Harvey, D.D.S., in violation of his rights under the Eighth Amendment to the Unit-

ed States Constitution. Defendants have moved for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons that follow, defendants' motion is granted.

## STATUTORY FRAMEWORK

■ The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [section 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies is thus a prerequisite to an inmate's § 1983 action arising out of prison conditions or events. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

New York State regulations provide for a three-step administrative review process. *See* 7 N.Y.C.R.R. § 701.7. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ...." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review.

■ If the IGRC denies the grievance, the inmate may appeal to the superintendent of the facility "by filing an appeal with the IGP [Inmate Grievance Program] clerk." 7 N.Y.C.R.R. § 701.7(b)(1). After the superintendent issues his decision, the inmate may appeal to the Central Office Review Committee ("CORC"), which makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7(c). In general, it is only after exhausting all three levels of the administrative review that a prisoner may seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v.*

*Goord*, 267 F.3d 116, 122 (2d Cir.2001); *Santos v. Hauck*, 242 F.Supp.2d 257, 259 (W.D.N.Y.2003).

## FACTUAL BACKGROUND

In a grievance dated June 30, 2002, and stamped "filed" on July 2, 2002, plaintiff (who at that time was housed at Southport Correctional Facility) alleged that defendant Harvey had refused to give plaintiff medical attention on May 28, 2002. Plaintiff also alleged that he had been "putting down" for medical and dental treatment since January 2002 for problems with his right hand and his teeth, but that he had been "deliberately denied medical attention by Southport Corr. Facility ...." Defendants' Ex. A. The grievance did not mention Dr. Alves.

On July 5, 2002, the IGRC issued a decision denying plaintiff's grievance on the ground that his last two visits to Dr. Harvey had been terminated because on both occasions plaintiff had become verbally abusive. Defendants' Ex. F. Apparently plaintiff attempted to appeal from that decision by submitting an appeal form directly to Superintendent Michael McGinnis, because on July 11, 2002, McGinnis sent plaintiff a memo acknowledging receipt of the appeal, but advising him that the relevant DOCS directive

> makes no provision for an inmate to refer Grievances/Grievance Appeals directly to the Superintendent's Office. You must refer all Grievances and Grievance Appeals to the IGRC Clerk, in order to ensure proper processing.
>
> Accordingly, your Grievance/Grievance Appeal Form has been forwarded to the Inmate Grievance Program Supervisor. However, if you wish to pursue this matter, you must contact the

Grievance Clerk, as outlined in Directive # 4040.

Defendants' Ex. G.

There is no evidence that plaintiff ever did contact the IGP clerk concerning any appeal from the IGRC's decision. Jeffrey Hale, the IGP Supervisor at Southport, states in a declaration that IGP records indicate that plaintiff did not submit an appeal to the IGP clerk. Both he and Thomas G. Eagen, the Director of the DOCS IGP, state that there is also no record that plaintiff ever appealed this grievance to CORC.

## DISCUSSION

 Based on these undisputed facts, I find that defendants are entitled to summary judgment. In his opposition to defendants' motion, plaintiff does not dispute that he did not contact the IGP clerk about appealing to the superintendent. Instead, he contends that McGinnis forwarded plaintiff's appeal to IGP Supervisor Hale "to be appealed to CORC ...." Plaintiff's Statement of Disputed Material Facts (Docket # 31) ¶ 4. That is simply untrue and unsupported by the record. McGinnis's memo to plaintiff states that his grievance had been forwarded to the supervisor, but that "if [plaintiff] wish[ed] to pursue this matter, [he had to] contact the Grievance Clerk ...."

Furthermore, any "pursuit" of the matter would have been to properly appeal to *McGinnis*, not to CORC. Plaintiff could not have appealed to CORC without having first properly appealed to the superintendent and received a decision from the superintendent.

Courts have no discretion to waive the PLRA's exhaustion requirement, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999); *Reyes v. Punzal*, 206 F.Supp.2d 431, 434

(W.D.N.Y.2002), nor do I see any basis here to do so even if I could. Plaintiff was clearly advised of what he needed to do in order to properly appeal the IGRC's decision to Superintendent McGinnis, and he failed to do so. Accordingly, his complaint must be dismissed. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) (if prisoner plaintiff has failed to exhaust his administrative remedies, district court must dismiss the complaint without reaching the merits); *see, e.g., Lee v. Carson*, 310 F.Supp.2d 532, 538 (W.D.N.Y.2004).[1]

## CONCLUSION

Defendants' motion for summary judgment (Docket # 19) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

---

1. My finding that plaintiff has failed to comply with the PLRA's exhaustion requirement makes it unnecessary for me to address defendants' arguments that the complaint should be dismissed on the merits as well.